QUESTION PRESENTED AND CONCLUSION
ISSUE: Whether a local electorate may vote to alter or abolish term limits for local officials through a referendum or initiative proposed on an odd year ballot.
ANSWER: Yes. A local electorate may vote to alter or abolish term limits for local officials through a referendum or initiative proposed on an odd year ballot.
 ANALYSIS
Background Information
Under the Colorado Constitution, all political power derives from the people and is vested in them. Colo. Const. art II, § 1. Two forms of political power expressly reserved to the people are the initiative and the referendum. The initiative denotes the process by which people propose laws by petition for enactment or rejection at the polls. The referendum is the process by which a law enacted by a legislative body is referred to the electorate for ultimate rejection or approval. Clark v. City of Aurora,782 P.2d 771, 778 (Colo. 1989).
Pursuant to the power of initiative, Colorado voters passed a measure limiting the terms of elected officials of political subdivisions. Colo. Const. art. XVIII, § 11. Elected officials of any county, city and county, city, town, school district service authority or any other political subdivision of the state may not serve more than two consecutive terms. Colo. Const. art XVIII, § 11(1). However, these limits may be lengthened, shortened or eliminated by the voters of the political subdivision. Colorado Constitution article XVIII, § 11(2) states:
 The voters of any such political subdivision may lengthen, shorten or eliminate the limitations on terms of office imposed by this Section 11. The voters of the state may lengthen, shorten, or eliminate the limitations on terms of office for the state board of education or the governing board of a state institution of higher education imposed by this Section 11.
This provision does not prescribe the means by which voters within a political subdivision may alter the term limits of their elected officials.
The means by which voters of political subdivisions may alter term limits are governed by Colo. Const. art. V, § 1(9), which provides:
 The initiative and referendum powers reserved to the people by this section are hereby further reserved to the registered electors of every city, town, and municipality as to all local, special, and municipal legislation of every character in or for their respective municipalities. The manner of exercising said powers shall be prescribed by general laws; except that cities, towns and municipalities may provide for the manner of exercising the initiative and referendum powers as to their municipal legislation. Not more than ten percent of the registered electors may be required to order the referendum, nor more than fifteen percent to propose any measure by the initiative in any city, town, or municipality. When interpreting constitutional provisions, such as this, words must be given their natural and popular meaning. Tivolino Teller House, Inc. v. Fagan, 926 P.2d 1208 (Colo. 1996). The Colorado Constitution must be read as a whole document. Zaner v. City of Brighton, 899 P.2d 263 (Colo.App. 1994) aff'd 917 P.2d 280 (Colo. 1996). An interpretation which harmonizes different constitutional provisions is favored. Bickel v. City of Boulder, 885 P.2d 215 (Colo. 1994).
Discussion
Colo Const. art XVIII, § 11 clearly intends to honor Colorado's tradition of allowing voters to decide the structure and means of governance. However, it does not specify the means by which the voters may decide. Therefore, the general provisions regarding the initiative and referendum process contained in section 1 of article V apply. Pursuant to art. V, § 1(9), the people have delegated to the general assembly, or in the case of cities, towns and municipalities, the local governing bodies, the authority to decide the "manner" of exercising the power of the initiative and referendum.
The term "manner" means "a way, mode or method of doing anything, or mode of proceeding in any case or situation."Black's Law Dictionary 963 (6th ed. 1990). In the case of local initiatives and referenda, the mode of proceeding includes the time at which elections may be held.
This interpretation is confirmed by other provisions within art V, § 1 which delineate procedures for placement of statewide initiatives on the ballot. The procedures include time deadlines for completion of certain tasks, including the time at which a vote on propositions may be held. Hearings on statewide initiated matters must be held at a general election. Colo. Const. art. V, § 1(2). Statewide initiative petitions must be submitted "at least three months before the general election at which they are to be voted upon." Ibid. The research staff must prepare and disseminate a ballot information booklet at least thirty days before the election. Colo. Const. art V, § 1(7.5). If passed, the law becomes effective no later than thirty days after the vote has been canvassed. Colo. Const. art. V, § 1(4).
Section 1(9) of article V delegates to the general assembly the authority to set the time for presenting initiated matters, except that cities, towns and municipalities may set the time for their respective jurisdictions. Nothing in the constitution limits the elections at which local initiatives may be held.
The general assembly has established times for holding elections on initiatives of political subdivisions. The registered electors of a municipality may vote on an initiated petition (other than one brought pursuant to Colo. Const. art X, § 20) "at a regular or special election held not less than sixty and not more than one hundred fifty days after the final determination of petition sufficiency." § 31-11-104(1), C.R.S. (1998). Similarly, the governing body may refer a measure to the electorate through a special election. § 31-11-105(1), C.R.S. (1998). The same procedures apply to counties. § 30-11-105, C.R.S. (1998). Thus, the times at which a vote on local term limits can be held is not limited to even-numbered years.
 CONCLUSION
The power of the people to express their will through the initiative and referendum is one of the foundations of Colorado law. Under the Colorado Constitution, local voters are permitted to consider initiatives and referenda on term limits in odd year elections.
Issued this 8th day of September, 1999.
KEN SALAZAR Attorney General